## MUNROE v. GUILLEAUME.

### September, 1866.

The omission, in the court below, to prove a foreign statute necessary to sustain the case of the party, cannot be supplied, on the argument of an appeal in the court of appeals, by reading the foreign statute there, without proof of authenticity.*

A discharge under a foreign bankrupt law is not a bar to an action here by a creditor who is shown not to have been a subject nor a domiciled resident of the foreign country at the time it was granted, if it does not appear that he ever voluntarily became a party to the bankruptcy proceedings, or received any dividends thereunder.†

John Munroe and others sued Leon Guilleaume, in the New York common pleas. Plaintiffs sued as owners and holders of seven several drafts, drawn at Paris, in France, upon the defendant, at London, payable there and there accepted by him. Plaintiffs were residents and doing business at Paris. The cause was tried by the court without a jury, and judgment given for the plaintiffs.

The facts found were, that the plaintiffs were partners, and that the defendant had accepted the bills, and that the plaintiffs were the owners and holders of the same. The judge also found that the defendant had offered in evidence a certificate of conformity, called a discharge under the English bankrupt act, also a copy of the balance-sheet, so called, and two newspapers containing some publications in reference to the proceedings in bankruptcy; and the court decided, as matter of law, that a discharge of the defendant under the English bankrupt laws did not, under the circumstances of this case as established by the proofs, constitute a defense in this action to the plaintiffs' claim.

---

* Compare Hunt v. Johnson, 44 *N. Y.* 27 ; Bradley v. Mut. Ins. Co., 45 *Id.* 422 ; reversing 3 *Lans.* 341 ; Robert v. Good, 36 *N. Y.* 408 ; affirming Robert v. Donnell, 2 *Daly*, 64 ; Jarvis v. Sewell, 40 *Barb.* 449.

† Compare Soule v. Chase, 39 *N. Y.* 342 ; reversing 1 *Robt.* 222 ; S. C., 1 *Abb. Pr. N. S.* 48 ; 36 *N. Y.* 169 ; Pratt v. Chase, 44 *N. Y.* 597 ; reversing 19 *Abb. Pr.* 150 ; 29 *How. Pr.* 296.

Munroe *v.* Guilleaume.

*The common pleas,* at general term, held, that as the statute under which the certificate was given was not put in evidence, the effect of the certificate was not made to appear, and as a consequence, its being put in evidence amounted to nothing.

Defendant appealed to this court.

*Augustus F. Smith,* for plaintiffs, respondents.—An English discharge in bankruptcy has no effect in this State    Abraham *v.* Plestoro, 3 *Wend.* 538; Johnson *v.* Hunt, 23 *Id.* 87; Harrison *v.* Sterry, 5 *Cranch,* 289; Ogden *v.* Saunders, 12 *Wheat.* 358, 361.

*Henry H. Morange,* for defendant, appellant.—The debt was extinguished by the discharge in bankruptcy. A discharge from the contract according to the law of the place where it is made, or where it is to be performed, is good everywhere, and extinguishes the obligation of the contract. Matter of Coates, p. 231 of this vol.; Matter of Bonaffe, 23 *N. Y.* 109. This court, on this appeal, will look at the statutes of Great Britain under which the discharge was given. Cutler *v.* Wright, 22 *N. Y.* 472.

BY THE COURT.—DAVIES, Ch. J. [After stating the facts.]— The only question presented on this appeal for consideration is, whether this finding of law [that the discharge was not a defense] was correct.

1. The defendant made no proof of the statutes of Great Britain, and the court had not, therefore, any evidence of the effect or force of the certificate produced.

The counsel for the appellant is mistaken in supposing that under the authority of Cutler *v.* Wright, 22 *N. Y.* 472, that omission could be supplied, on the argument in this court, by reading the same here. That case only went to the extent of holding that, as the Revised Statutes of this State (1 *R. S.* p. 165, § 17), provide that the statutes of every other State of this Union are required to be deposited in the State library, it was competent, under the direction contained in section 426 of the Code, to read therefrom, on the argument in this court, any statute so deposited, published by the authority of any

State. It did not hold that the statutes of any foreign governments could thus be read, without any proof of their authenticity.

2. The case, Matter of Coates,* adopted and approved in the Matter of Bonaffe, 23 *N. Y.* 169, only held that, where the debtors and creditors were all subjects of Great Britain and the debt was of English origin and the creditors had received their dividend under the English bankruptcy act, under such circumstances the debt was extinguished. But these circumstances did not obtain in the present case. It affirmatively appeared that the plaintiffs were not subjects of Great Britain, and were not domiciled in England; and it did not appear that they had ever voluntarily become parties to the proceedings in bankruptcy in England, or that they had received any dividend under the English bankruptcy act.

Under these circumstances, the learned first judge of the New York common pleas was correct in holding that a discharge of the defendant under the English bankrupt laws did not release the defendant from his liability on the drafts in question, in an action thereon in the courts of this State.

The judgment appealed from should be affirmed, with costs.

All the judges concurred.

Judgment affirmed, with costs.

---

* Reported at p. 231 of this volume.

